JOHN M. REED, PETITIONER, v. THE TOWNSHIP OF INDEPENDENCE IN THE COUNTY OF WARREN, RESPONDENT.

Argued June 22, 1918—Decided November 18, 1918.

At a meeting of a township committee, convened to pass upon the sufficiency of a petition filed under the Local Option Liquor law (*Pamph. L.* 1918, *p.* 14), the township clerk being absent, the committee selected, from among the bystanders, a substitute clerk, who did not reside in the municipality. *Held,* that as the appointment of such substituted clerk was unlawful, the meeting itself was unlawful, and all business transacted thereat was invalid under the provisions of *Comp. Stat., p.* 3783, § 1, requiring the clerk to be a resident of the township.

On petition for review of result of local option election.

Before Justice MINTURN.

For the petitioner, *William A. Dolan.*

For the township, *Egbert Rosecrans* and *John H. Dahlke.*

For certain citizens, *William H. Morrow.*

The opinion of the court was delivered by

MINTURN, J.   The constitutional questions argued by counsel upon this hearing have been settled adversely to the petitioner's contention, in the opinion recently filed in this court, by Mr. Justice Parker, in *Michaelson* v. *Wall Township et al., ante p.* 72.

It remains to deal only with the questions of procedure presented and argued.

It is manifest that under the decision referred to, that the official advertising of the election was in this instance defective.

In other words, the statutory requirement concerning the posting of the notice of the special election was not complied with, in that it was published but eleven, instead of fifteen, days before the election.

The procedure is statutory and must be strictly construed in the interest of the public.

If extreme liberality of construction in this respect be countenanced, no reason seems perceivable as was said in the township of Wall case (*supra*), why a notice of one day prior to election will not suffice, and thus a plain statutory requirement may be in fact, and for all practical uses, dispensed with.

A palpable and insuperable objection also exists regarding the manner in which the township clerk was chosen at the township meeting on April 6th, 1918. It appears the regular clerk was absent and a bystander, who was not a resident of the township, but resides at Hackettstown, was appointed by the township committee to act in place of the clerk.

In this respect the language of the act concerning municipal officers is both clear and mandatory. "Every person holding an office, the authority or duties of which relate to a city or township, shall reside within such city or township." *Comp. Stat., p.* 3783, § 1.

No question can exist that *pro hac vice* the substituted clerk was an officer transacting the official business of the township, within the language of the act, and his appointment was therefore unlawful, and the meeting itself was invalid, because of the failure to make a legal appointment to that office.

These objections to the validity of the procedure being sustained, it becomes unnecessary to consider the remaining reasons presented and argued by counsel at the hearing.

The election in question therefore, held in the township of Independence, and reviewed in this proceeding, must be set aside.